*Lindsey, for appellant.*

*Harlan, for appellee.*

---

DANIEL W. JOHNS et al. *v.* CHAS. J. FORBES et al.

**Reversal for Third Time — Want of Preparation — Widow — Equitable Dower — Sale of Land.**

Where a widow is entitled to equitable dower she is interested in the sale to enforce a lien on land and is, therefore, a necessary party.

Where two tracts of land are to be sold to satisfy separate liens on each, it is error to order a sale in gross for the amount due on both tracts.

APPEAL FROM GREENUP CIRCUIT COURT.

April 18, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

It is quite strange and vexatious that after two reversals hitherto for want of preparation, the record, as now for the third time

presented for revision in a case so long pending, should require a third reversal.

The decree now appealed from by the widow and infant heirs of Harrison Johns is erroneous to their prejudice in the following particulars:

1. The widow, apparently entitled to equitable dower, is interested in the question of sale for enforcing a lien on the land, and is, therefore, a necessary party.

2. This court having twice decided that the lien on each of the tracts sold by Forbes to T. Johns should be enforced by a separate sale of each for the amount due on it, the gross sale for the whole amount due on both tracts was erroneous, and especially in putting half the burthen on the appellants without proof of any interallotment among Thomas Johns' heirs, which could authorize any such imposition. But if hereafter it should be made to appear that both tracts of land have been allotted among T. Johns' heirs as aforesaid by the Circuit Court without any proof on this record, then, and not otherwise, the entire lien may be equitably apportioned among them according to their respective interests as so allotted.

3. There is no proof that Botenor, for whose benefit the sale was decreed and made, had acquired Apperson's beneficial title or any interest in it. And, Apperson being dead, his representative ought to have been, but was not, made a party.

4. By the first contract of sale the lands occupied by Crabtree, Counter, and McClean were to be surrendered to Thomas Johns, and no interest was to be charged until such surrender. But the amended petition averring the surrender, and when it was made, could not be taken for confessed against the infant appellants; and there is no proof of the alleged surrender. The decree, therefore, making no abatement of interest, apparently charges more than was right.

5. In the second contract Johns was to have credit for whatever Rice had sold, and D. W. Johns proved that he had sold sixty-eight acres — nevertheless the decree neither adjusts nor notices this matter.

The appearance by the appellants in this court will dispense with any further service of notice on them upon the last amended petition, which, by their guardian *ad litem,* they should answer within reasonable time after the return of the cause to the Circuit

Court. And unless they deny Forbes' title, admitted by all the adult heirs, it should be deemed sufficient as to them also.

Wherefore, the judgment is reversed, and the cause once more, and, as should be expected, for the last time, remanded for further proceedings and decree conformable with this opinion.